DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by Sandusky County Court #1 in which appellant was found guilty of furnishing an intoxicating liquor to an underage person. Because we conclude that appellant was not prevented from receiving a fair trial, we affirm.
Appellant, Chad Parker, was alleged to have given an alcoholic beverage to an underage person, Andrea B., in violation of R.C. 4301.69. Appellant pled not guilty and the case proceeded to a bench trial.
The first two witnesses, Tiffany S., age 15, and Brittany G., age 14, essentially testified to the following facts. On May 18, 2001, Tiffany, Brittany, Ashley G., and Andrea, then age 18, were at Brittany's apartment home. Ashley, cousin to Brittany, also lived in this apartment with Brittany and Brittany's parents. The four girls had decided to have a sleep over, as Brittany's parents were away for the weekend. Although somewhat unclear from the record, Ashley, mother to a young child, was apparently slightly older than the other three girls.
Tiffany and Brittany testified that appellant lived in a neighboring apartment. The girls knew appellant because he was the father of Robert, one of their classmates and friends. In late afternoon, appellant came to Brittany's apartment and invited the girls to have pizza at his place. Andrea, who had fallen asleep, did not go to appellant's apartment at that time. Tiffany and Brittany, however, decided to accept appellant's invitation and followed him back. Eventually, the girls left and returned to Brittany's apartment, bringing pizza back for Ashley and Andrea.
A short time later, appellant came again to Brittany's residence and invited Andrea, who was now awake, back to his apartment for a "rum and Coke." According to Tiffany and Brittany, Andrea first said "no," but appellant continued to press her until she finally agreed. Andrea, Brittany, and Tiffany then went back to appellant's apartment. Tiffany stated that she watched appellant mix rum and cola drinks for himself and Andrea. Tiffany stated that she saw Andrea consume at least two glasses of rum and cola. Tiffany and Brittany testified that Andrea appeared to be getting drunk and was acting "goofy."
Concerned that Andrea would "get in trouble," Tiffany and Brittany returned to Brittany's apartment to tell Ashley what was happening. At Ashley's instruction, Tiffany and Brittany went back to the apartment several times to tell Andrea to come back with them. Andrea refused to leave appellant's apartment. The last time the girls went to retrieve Andrea, appellant had locked the door to the apartment. Ashley then called Andrea's parents who notified police.
Andrea basically corroborated the events as described by the first two witnesses. While waiting for appellant's son to return home, Andrea said she consumed three or four "rum and Cokes" which appellant mixed for her. Appellant's son and his friend arrived at the apartment and were sitting with Andrea and appellant when the police arrived. When first questioned by an officer, Andrea denied drinking any alcoholic beverage. After talking to the officer outside in the parking lot, she, however, admitted to consuming rum drinks served to her by appellant. Andrea's parents had also arrived by this time and were present when the police talked with her. Andrea ultimately was charged with and convicted of the offense of underage consumption.
The final witness for the state was a police officer, Sergeant Dennis Hall. He corroborated Andrea's testimony as to the events after the police arrived. The sergeant said he smelled the odor of an alcoholic beverage on Andrea's breath. Sergeant Hall stated that Andrea also was slow to respond and fell down while standing outside in the driveway. Sergeant Hall testified that appellant permitted him and another officer to look around his apartment. The sergeant acknowledged that he did not find a rum bottle on the counter in the kitchen. He also noted that he did not conduct a complete search of the apartment since the alleged offense was only a minor misdemeanor. Sergeant Hall also stated that the police did not examine or take as physical evidence any of the glasses used by appellant or Andrea, nor did they conduct a search at Brittany's apartment for evidence concerning alcoholic beverages. The state then rested.
Appellant testified that although he had invited the girls over for pizza, he did not give Andrea any alcoholic beverages. He acknowledged drinking beer, but denied possessing a bottle of rum. Appellant stated that Andrea was at his apartment because she was waiting to see his son, Robert. Appellant stated that Andrea did not appear to be drunk.
The court found appellant guilty of providing an alcoholic beverage to an underage person. Appellant was sentenced to 90 days in jail, with 60 suspended, a $500 fine, and court costs.
Appellant now appeals that conviction, setting forth the following three assignments of error:
 "(1) WHETHER DUE PROCESS REQUIRES POLICE OFFICERS AS AGENTS OF THE PROSECUTOR AND THE STATE OF OHIO TO PRESERVE EVIDENCE OF THE CRIME [sic] IS LIKELY TO PROVE OR DISPROVE APPELLANT'S INNOCENCE.
 "(2) WHETHER A PROSECUTOR MAY COMMENT ON A PIECE OF EVIDENCE THAT WAS NOT DISCLOSED IN DISCOVERY TO THE APPELLANT IN THE PRESENCE OF THE JUDGE.
 "(3) WHETHER A JUDGE MAY APPROPRIATELY COMMENT ON THE APPELLANT'S DECISION TO PRESENT A DEFENSE OR EXERCISE HIS RIGHT TO TRIAL."
 I.
Appellant, in his first assignment of error, claims that the police were required to conduct a investigation. Specifically, appellant maintains that the police should have seized the drinking glasses in appellant's apartment and searched Brittany's apartment to prove or disprove appellant's innocence.
There is no requirement that the police gather all the evidence that would exculpate the defendant. State v. Urrego (1974), 41 Ohio App.2d 124,126; State v. Hamman (Feb. 26, 1999), Huron App. No. H-98-015.
In this case, the police looked around the apartment, the scene of the alleged offense, and then spoke with various witnesses. They were investigating a simple case of underage consumption. We cannot say that the police were remiss in failing to collect empty or even partially full glasses as "evidence," especially when the underage person admitted to drinking alcoholic beverages. The glasses would not have been relevant or provided exculpatory evidence as to whether or not Andrea had consumed alcoholic beverages given to her by appellant sometime earlier that day. For the same reasons, there was no need for the police to conduct a search of Brittany's apartment. Therefore, appellant's argument is without merit.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, argues that the prosecutor improperly referred to the results of the Data Master breath test performed on Andrea.
A trial judge, as the fact finder, is presumed to be able to sort out the irrelevant and prejudicial evidence from that which was probative and admissible. State v. Fox (1994), 69 Ohio St.3d 183, 189 ("judges are presumed in a bench trial to rely only upon relevant material and competent evidence"); Stump v. Industrial Steeplejack Co., (1995),104 Ohio App.3d 86, 95.
In this case, upon appellant's objection, the trial court excluded the specific results of Andrea's breath test, clearly indicating that the judge did not consider the breath test admissible evidence. The police officer offered other testimony as to Andrea's appearance and actions which provided evidence as to whether she had been drinking alcoholic beverages. In addition, Andrea herself admitted that she had been drinking and that appellant was the supplier. Therefore, despite the prosecutor's initial reference to the breath test, we find no prejudice to appellant's trial.
Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in his third assignment of error, contends that the trial court improperly commented on appellant's decision to go to trial. Essentially, appellant's argument is that the trial court's remarks indicated personal bias against appellant. We disagree.
In a bench trial it is the function of the trial judge to determine witness credibility. State v. Walker (1985), 26 Ohio App.3d 29, 32. The trial judge, as the trier of fact, may accept or reject a version of the facts. Id.
In this case, the trial court's comments were made after the presentation of the evidence and were not prejudicial since there was no jury. In our view, the court's comments were merely an indication that it did not find appellant's version of the incidents to be credible. Therefore, we conclude that the trial court's comments did not result in any prejudice to appellant's right to a fair trial.
Accordingly, appellant's third assignment of error is not well-taken.
The judgment of Sandusky County Court #1 is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.